**UNITED STATES of America,**
**Plaintiff,**

v.

**Michael KISLYANSKY,**
**et al., Defendants.**

**No. 1:00CR305.**

United States District Court,
N.D. Ohio,
Eastern Division.

Jan. 4, 2001.

Richard H. Blake, Assistant U.S. Attorney, Office of the U.S. Attorney, Cleveland, OH, for plaintiff.

Terry H. Gilbert, Friedman & Gilbert, Cleveland, OH, Richard L. Stoper, Jr., Robert J. Rotatori, Sr., Rotatori, Gragel & Stoper, Cleveland, OH, for defendants.

## ORDER DENYING DEFENDANT MICHAEL KISLYANSKY'S MOTION TO DISMISS COUNTS 3 AND 4

WELLS, District Judge.

Defendant Michael Kislyansky has moved, under Federal Rules of Criminal Procedure Rule 12(b), to dismiss Counts 3 and 4 of the indictment against him. The government has filed a brief in opposition to which defendant has filed a reply. For the reasons below, defendant's motion will be denied.

Counts 3 and 4 allege violations by Mr. Kislyansky of 18 U.S.C. § 1512(b)(3), in the following language:

**Count 3.** On or about October 26, 1999 and on or about November 22, 1999, the exact dates being unknown, in the Northern District of Ohio, Eastern Division, the defendant, MICHAEL KISLYANSKY, did attempt to corruptly persuade Jonathan Mesok with intent to hinder, delay, and prevent the communication to agents of the Federal Bureau of Investigation of information relating to the commission and possible commission of a federal offense.

All in violation of Title 18, United States Code, Section 1512(b)(3).

**Count 4.** On or about March 21, 2000, the exact date being unknown, in the Northern District of Ohio, Eastern Division, the defendant, MICHAEL KISLYANSKY, did attempt to corruptly persuade Konstantin Ivakin with intent to hinder, delay, and prevent the communication to agents of the Federal Bureau of Investigation of information relating to the commission and possible commission of a federal offense.

All in violation of Title 18, United States Code, Section 1512(b)(3).

Section 1512 of 18 U.S.C. prohibits various specific types of witness tampering as obstruction of justice under Chapter 73 of Title 18. Subparagraph (b) prohibits, among other things, conduct which "corruptly persuades" another person, or attempts to do so with the "intent to hinder, delay or prevent the communication to a law enforcement officer ... of information relating to the commission or possible commission of a federal offense...."

In response to a motion for a bill of particulars, the government has produced Form 302s which contain excerpts from statements made by two persons to prosecutors and FBI agents, as follows:

Ivakin then told AUSA Blake and SA Liberti that he is afraid of Mike Kislyansky and of retribution from Kislyansky's friends should any of them find out that Ivakin decided to cooperate with the government. Ivakin said three days ago Mike Kislyansky came to Ivakin's residence for the purpose of selling Ivakin furniture. Ivakin had agreed to buy the furniture because he believed Kislyansky needed money. While there, Kislyansky warned Ivakin not to talk to the FBI about this case. Ivakin took this as a threat and believes that the warning, not the furniture, was the real reason Kislyansky came to his residence. (Dft. Mtn. to Dismiss, Ex. A)

On Monday, November 22, 1999, between 2:00 and 3:00 p.m., Mike Kislyansky called Mesok at home and asked him if he had talked to the FBI. Mesok told Kislyansky that the FBI had been to his house, but that he didn't talk to them. He told them the agents were coming back later to talk to him when his moth-

er was home. Mike Kislyansky told Mesok, "you don't want to get your friend Ross in trouble do you? He's an American citizen. Remember, if we go down, you go down." Mike Kislyansky then told Mesok to call him as soon as he finished talking with the agents. Kislyansky told Mesok he wanted to meet with him and hear everything that was said.

At approximately 10:00 pm on November 22, 1999, Michael Kislyansky called Mesok to find out what Mesok had said to the FBI. Mesok told Kislyansky that he was not permitted to speak with him any longer. (Dft. Mtn. to Dismiss, Ex. C)

■ In reliance upon these excerpts, defendant Michael Kislyansky asserts that Counts 3 and 4 are "legally insufficient" because they do not show an intent by him to "corruptly persuade" another for the purpose of hindering or preventing communications to a law enforcement officer of information relating to defendant's alleged criminal conduct.

Defendant relies on *United States v. Farrell*, 126 F.3d 484 (3d. Cir.1997), which held that the "corruptly persuade" clause does not include an attempt to persuade a co-conspirator not to disclose information to federal investigators. The government seeks to distinguish *Farrell* on the ground that in the case at bar the persons whose statements were taken were not charged as co-conspirators who have Fifth Amendment protection, as in *Farrell*, and, in any event, defendant has prematurely attempted to raise a factual issue under Rule 12(b) as to the sufficiency of the evidence, an issue that cannot be properly raised until the conclusion of the government's case at trial on a Federal Rules of Criminal Procedure Rule 29 motion. *United States v. Short*, 671 F.2d 178, 182–83 (6th Cir.1982).

The government's position on this point is well taken.

■ Defendant has also asserted that § 1512(b)(3), as applied to this case is unconstitutionally overbroad and vague.

Defendant is correct in stating that Counts 3 and 4 of the Indictment do not charge him with intimidation or threats, in spite of the language in the Form 302 exhibits that one witness, Ivakin, said he was afraid of defendant and of retribution from defendant's friends, and was warned by defendant not to talk to the F.B.I., which Ivakin "took as a threat," and that defendant told another witness "if we go down, you go down." Nor do the Indictments charge defendant with physical force, bribery or attempting to persuade the witnesses to lie. All that is alleged in the Indictments is an attempt to "corruptly persuade." There is no statement as to in what manner such corruption was attempted or what it was. "Corrupt persuasion" could mean to persuade by corrupt methods, but such is not alleged.

"Corrupt" as an adjective has one dictionary definition as "guilty of dishonest practice;" as a verb it is defined as "to destroy the integrity of, cause to be dishonest" (Random House Dictionary of the English Language, Unabridged, Second Ed.). Another dictionary definition, judicially recognized in a footnote in *Farrell*, defines "corrupt" as characterized by improper conduct, or "persuasion characterized by some morally debased purpose." *Farrell*, 126 F.3d at 487 n. 2.

The government relies heavily on *United States v. Shotts*, 145 F.3d 1289 (11th Cir.1998), and on the dissenting opinion in *Farrell*, to support the constitutionality of § 1512(b)(3) against a charge of vagueness and overbreadth. In *Shotts*, the Eleventh Circuit construed "corrupt persuasion" to mean persuasion which is motivated by an improper purpose. *Id.* at 1301.

Defendant's brief argues that *Farrell* opined to the contrary by stating that " . . . more culpability is required for a statutory violation than that involved in the act of attempting to discourage disclosure in order to hinder an investigation." *Farrell*,

126 F.3d at 489. Defendant's reliance is misplaced.

However, the actual holding in *Farrell* was grounded on the co-conspirator's Fifth Amendment right not to incriminate himself by talking to law enforcement officials. Indeed, in footnote 3 on page 489, the *Farrell* majority implies that some degree of culpability might be found in discouraging a citizen from his civic duty to report a crime, even absent a Fifth Amendment privilege. Having so implied, the *Farrell* majority states, "for this reason we express no opinion on the applicability of § 1512(b)(3) to efforts to dissuade someone who is not a participant in a conspiracy, and accordingly has no Fifth Amendment right, not to reveal information about the conspiracy to federal law enforcement officials." *Farrell*, 126 F.3d at 489 n. 3.

The issue thus explicitly left unresolved in *Farrell* is the very issue in this case. It is an issue which cannot be resolved at this stage of the proceedings. Put another way, this court is not prepared to find that the bare language of the challenged statute, 18 U.S.C. § 1512(b)(3) is unconstitutional on its face. On the present state of the record, neither defendant's arguments nor the excerpts from the Form 302s warrant dismissal of Counts 3 and 4.

THEREFORE, Defendant's Motion to Dismiss Counts 3 and 4 is denied.

IT IS SO ORDERED.